WILLIAMS, Judge.
Cecily. “I keep a diary in order to enter the wonderful secrets of my life. If I didn’t write them down I should probably forget all about them.”
Miss Prism. “Memory, my dear Cecily, is the diary that we all carry about with us.”
Cecily. “Yes, but it usually chronicles the things that have never happened, and couldn’t possibly have happened ...”
Oscar Wilde, “The Importance of Being Earnest”, Act II.
In this appeal, the plaintiff, Donald Pittman, asserts the lapses in his memory should not have adversely affected the trial court’s evaluation of his credibility. Accordingly, he seeks review of the lower court’s finding that because of his lack of credibility, he did not prove his case.
Donald Pittman’s suit for damages arose from an incident where he allegedly fell over an obstruction on a sidewalk within the City of New Orleans. He filed suit against the owners of the property adjacent to the sidewalk and the City of New Orleans, claiming they were liable to him for his alleged injuries and lost wages. However, after trial on the merits, the matter was dismissed because the trial court found Pittman’s trial testimony incongruous and his evidence contradictory. Pittman’s appeal assigns two errors of law for our review pertaining to liability for defective sidewalks within the City of New Orleans. Like the trial court, however, we find those issues are pretermitted because the record clearly supports the trial court’s evaluations of credibility and finding that Pittman failed to prove his case.
Donald Pittman sued the City of New Orleans and Mr. and Mrs. Herman Verrett, adjacent landowners, following an accident which allegedly occurred on February 1, 1986 while he was walking on the sidewalk at the corner of Chippewa and Eighth Streets. Mr. Pittman alleged that “suddenly and without warning, he tripped over a large block of concrete or cement, causing him to fall and injure himself”. Following the City’s Exception of Ambiguity and Vagueness because Pittman’s initial designation of the scene of the accident indicated that it might have occurred at any one of three possible sites, Pittman amended and supplemented his original petition three times. The site of the accident was finally placed as occurring at or near the riverside corner of Eighth within the square bounded by Chippewa, Eighth, St. Thomas and Ninth Streets, Square No. 35 of the assessor’s map.
The City answered and filed a cross-claim alleging that the Verretts were responsible for any alleged defects in the sidewalk under Act 536, Section 4 of the State of Louisiana 1950, as adjacent property owners. The Verretts denied liability and third-partied the City. The matter was tried before a judge who ruled that Pittman failed to prove his case. In reaching his decision, the judge considered that Pittman was the only witness to the accident; therefore, his testimony was a critical factor of proof. Thus, when Pittman was found totally lacking in credibility[1] due to *1150 inconsistencies and contradictions[2] of his testimony, the trial court found he failed to prove his case and the matter was dismissed at Pittman’s cost.
On appeal, Pittman avers the lower court erred when it disregarded all of his testimony due to his being mistaken on immaterial facts as to the dates of certain events that transpired after the accident and when it found he did not carry his burden' of proof as the evidence was uncontradicted that he tripped and fell over a defect in the sidewalk, injuring himself. We find these assignments of error couched artfully, but not accurately reflecting the nature of Pittman’s trial testimony. Not only did Pittman’s testimony conflict with his physician’s as to when he originally visited the physician, it also was in conflict as to which part of his body was injured and the length and extent of his convalescence. The remainder of Pittman’s testimony was also rife with contradictions. Review of the record reveals the trial judge committed no error when he determined that Pittman lacked credibility and failed to prove his case; clear error would have resulted had the trial judge ruled in Pittman’s favor.
Pittman’s trial testimony recited the following events: On Saturday, February 1, 1986 at 11:30 a.m. to 12:00 noon, near the corner of Eighth and Chippewa Streets, Pittman tripped and fell over a concrete lump on the sidewalk near the cement stoop of the building which bordered the sidewalk. The incident occurred during a heavy rainstorm when he was without an umbrella or raincoat and while he was en-route to a machine company that he heard was taking job applications. Due to the heavy rainfall, the street and sidewalk were covered with water; the water on the sidewalk being approximately four inches deep. The depth of the water and the leaves and debris prevented him from seeing the concrete lump that allegedly caused his fall.
He fell forward and sideways to the right, grabbing or catching the post on the street corner. Following the accident, he just leaned against the corner post. A fellow in the neighborhood saw him leaning up against the post and told him he would get an attorney. Pittman did not know the fellow or the attorney, but he waited for the attorney to arrive. Approximately ten to fifteen minutes after he fell, the attorney arrived and took the four polaroid photographs which Pittman entered into evidence.
Pittman repeatedly stated that within ten to fifteen minutes of the accident, the attorney had arrived and photographed the scene. And by 2:00 p.m. that same afternoon, he was examined by the doctor. He also repeatedly testified that he injured his back and the doctor used heat treatment for his back.[3] He testified that because of the injury he was unable to work, as he was confined to his bed for two months. When his attorney queried whether he had only been treated by the physician for one month, Pittman unequivocally stated he was treated for longer than a month. Even after the doctor discharged him, he *1151 claimed he was still suffering and still in bed.
On cross examination, he indicated he had been in a subsequent accident, on June 6th, when he fell backwards while on a ship. That accident caused an injury to his back and his attorney filed a lawsuit on his behalf.
It is plainly evident that the polaroid photographs that were taken ten to fifteen minutes after the accident do not depict rain, puddles, standing water, quantities of leaves or debris, or a soddenly clothed Pittman. Pittman was, therefore, cross-examined pointedly as to why there were no leaves, trash or water in the photographs that were taken within fifteen minutes of his fall. His response was merely to say, “I couldn’t tell you, but I know this was covered ... ”, as he pointed to the cement lump in the photographs. And, because the photographs also indicate that the corner post which Pittman grabbed while falling forward and to the right, is pictured as being on the far left side of the sidewalk, a fair distance from the cement lump which allegedly caused his fall, Pittman was repeatedly questioned about the discrepancy in order to confirm that his testimony was that when he fell, he grabbed the post.
In addition to Pittman’s testimony, the court also heard the testimony of Dr. Dwight McKenna and Mrs. Verrett. Dr. McKenna, the general surgeon who attended Pittman, testified he saw Pittman on the afternoon of February 3, 1986. Pittman told him of the accident that had occurred on February 1, 1986 and he complained about pain in his right knee. Dr. McKen-na’s physical examination of Pittman revealed there was pain and tenderness over the anterior surface of the right knee, with no evidence of any internal derangement of the right knee. There was no swelling or abrasions. He diagnosed contusion of the right knee; he found Pittman’s back was normal. He prescribed pain medications and heat therapy as treatment for the injured knee. After three visits, Pittman was discharged on March 3, 1986, and at that time he was free and clear of pain. Dr. McKenna testified Pittman never complained of back pain.
Mrs. Verrett, a defendant and the owner of the building adjacent to the sidewalk on which Pittman allegedly tripped, testified she was a long-time resident of the neighborhood and there was no machine shop on the next block of Chippewa Street.
While reviewing this evidence, we are mindful of the principles governing appellate review of factual findings of the trier of fact as set forth in Arceneaux v. Dom-inigue, 365 So.2d 1330 (La.1978). Accordingly, we find the record amply supports the trial judge’s oral evaluation of Pittman’s lack of credibility as being reasonable and not erroneous. Given the incongruities in Pittman’s testimony and the contradictions of his testimony when compared to Dr. McKenna’s or Mrs. Verrett’s testimony, the suit was properly dismissed due to failure of proof.
For the reasons assigned, the judgment of the trial court is affirmed at the cost of the plaintiff.
AFFIRMED.

. (AT THIS TIME PROCEEDING IN CHAMBERS)
THE COURT:
You’re going to lose, I'm going to deny your claim. The sole basis of your claim is the testimony of your client. He has no witness. We only have his testimony that he fell on this rock at this location at this time. So his testimony becomes very critical and he says that he fell between eleven thirty and twelve and within two hours the attorney was there and took the pictures and the same day he went to the doctor. The doctor’s testimony is different. That in itself doesn’t make a lot of difference. By the Court’s observation, there is no way that two hours prior to these photographs there could have been four inches of *1150 water in that location, no way. So something is wrong, either the location is wrong, the time is wrong, something’s wrong. Since we have only your client to verify what happened and where it happened and to say it happened here instead of that next block, another block or across the street, his credibility is not there. There’s no way I can find in his favor

, * * *
THE COURT:
If all that had been the testimony and there was no contradictory testimony I wouldn’t have had any problem. It would have fit and been consistent, but his testimony is totally inconsistent and I can’t render a judgment against somebody when I don’t know if it happened there or at the next corner.
MR. SCHOEMANN:
To render a judgment against a man because he’s stupid or has a poor memory—
THE COURT:
No, because he can’t prove his case. I have no doubt he got hurt and may have been there but the only evidence I have is his testimony and his testimony fades in the light of the rest of the testimony....

. On direct examination, when asked by his attorney which part of his body had been injured, Pittman testified that he had injured his back. His attorney then inquired whether he injured his legs and knees, and Pittman responded that his right knee had gotten better.